IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Aleida Escalera Freytes, | |
| *Plaintiff,* | |
| v. | Case No.   25-1594 |
| Taurus International Manufacturing, Inc., | **JURY TRIAL DEMANDED** |
| *Defendant*. | |

## **COMPLAINT**

Plaintiff Aleida Escalera Freytes brings this complaint against Defendant Taurus International Manufacturing, Inc. and for her causes of action state the following:

### **Parties**

1. Plaintiff is a citizen of the Commonwealth of Puerto Rico and is over the age of 18.

**2.** Defendant Taurus International Manufacturing, Inc. ("Taurus") is a Georgia corporation now located in Bainbridge, Georgia.

### **Jurisdiction and Venue**

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) as there is complete diversity of citizenship between Plaintiff and Defendant and because the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

4. The court has supplemental jurisdiction over the tort claims under the Laws of Puerto Rico.

5. This Court has personal jurisdiction over Defendant because it was engaged directly and through its agents in systematic and ongoing business transactions in the Commonwealth of Puerto Rico and within this District including, but not limited to, the import, marketing, supply,

1

distribution, and sale of the Subject Pistol as well as other conduct in Puerto Rico as described herein. Plaintiff purchased her Taurus GX4 pistol from AmChar Caribe in San Juan, PR on December 16, 2022. Defendant currently markets and sells the subject model pistols throughout the United States. (*See* https://www.taurususa.com/ pistols/taurus-gx4.) These acts and activities establish sufficient contacts and ties with the Commonwealth of Puerto Rico such that it is reasonable to enforce the obligations and liabilities which Defendant has incurred here. *See Int'l Shoe Co. v. Washington, et al.*, 326 U.S. 310 (1945).

6.     Venue is proper under 28 U.S.C § 1391(b)(2). The event that caused Plaintiff's injuries occurred in the Commonwealth of Puerto Rico.

**Facts**

7.      On November 24, 2024, Aleida Freytes was severely injured when her semi-automatic 9mm Taurus GX4 bearing the serial number 1GA88944 ("the Subject Pistol") fell from her police belt and unintentionally discharged when it struck the ground. This unintentional discharge or drop-fire was due to a defect in the Taurus GX4 pistol.

8.     The discharged round struck Ms. Freytes' right arm, exiting above the elbow, fracturing her bone, requiring an open reduction and internal fixation with intramedullary rodding. Additional physical therapy, procedures, and evaluations followed, as Ms. Freytes is also left with other permanent physical and psychological limitations and deficits. She was forced to miss four months of work as an officer with the Guaynabo Municipal Police.

9.     Ms. Freytes' pistol was unreasonably dangerous and unfit for its intended use. The Taurus GX4 pistols contain a Defect known to Taurus, whereby the trigger moves rearward when the pistol is subjected to an impact or drop ("Drop-Fire Defect" or "Defect"). This Defect causes

2

the defeat of the pistol's safety mechanisms and results in the pistol firing unexpectedly and against the intentions of the pistol's handler.

10.    In filing this lawsuit, Plaintiff does not wish or intend to disparage the right to bear arms as guaranteed by the Second Amendment. Rather, she seeks to hold Defendant accountable for its actions in designing, engineering, manufacturing, failing to test and inspect the pistols, marketing, importing, distributing, selling, misrepresenting facts about the safety of  the pistols, and failing to implement a full recall of the Taurus GX4. Instead of impinging upon the Second Amendment, this lawsuit is brought by an individual who lawfully exercised her Second Amendment right to bear arms.

11.    Ms. Freytes' pistol is defective and unreasonably dangerous because the Defect will not prevent – and indeed did not prevent – the unintended discharge of pistols such as her pistol. This Defect resulted in severe injuries to Ms. Freytes due to the inadequate design, manufacturing, testing, and/or inspecting of the subject pistol, and the continued failure of Defendant to remedy the Defect.

12.    Defendant had a duty to disclose and warn Plaintiff truthfully and accurately of the defect and not to conceal or misrepresent the risks attendant with the Defect. Notwithstanding this duty, Defendant carelessly and negligently failed to disclose and warn Plaintiff of the truth about the Subject Pistol and the Defect associated with it.

13.    Defendant fraudulently concealed and intentionally failed to warn Plaintiff of the Defect with the intent to deceive Plaintiff and the general public about the Defect. Defendant falsely and fraudulently represented to Plaintiff that the pistol was safe for normal and intended use when, in fact, the  pistol was not safe for normal and intended use.

14.    Defendant conspired with others to conceal from the public and Plaintiff the

Defect. Defendant also conspired among themselves and with others in efforts to understate or misrepresent the nature of the risk created by the Defect.

15.    The Defect is a latent defect and Ms. Freytes' pistol was defective in a way that would not be apparent to her and the public.

16.    The Taurus GX4 has not been subjected to and/or passed the drop-fire tests in California or Massachusetts and therefore not approved or certified for sale in California or Massachusetts.

17.    For years, Defendant has knowingly manufactured, marketed, and distributed thousands of defective GX4 pistols to consumers throughout Puerto Rico and the United States.

18.    Despite knowing about the Defect for several years, Defendant has consciously and intentionally decided not to recall the GX4 pistols which it knew to be unreasonably dangerous and defective.

**Prior Knowledge of the Defect and Other Drop-Fires**

19.    Defendant knew of the Defect well before Ms. Freytes' incident, at least as early as 2022 when, on April 12, 2022, Defendant was made aware of a drop-fire incident involving a Taurus GX4, 9mm pistol, Serial #1GA61132, in the Commonwealth of Kentucky. The pistol discharged unintentionally due to a Defect after falling and striking the ground, severely injuring its owner. A lawsuit was filed on his behalf in the U.S. District Court for the Middle District of Georgia in December of 2022 against the Defendant, alleging that the pistol had a Defect and was unreasonably dangerous, in that it would fire a round without the trigger being pulled. The case settled on confidential terms and was subsequently voluntarily dismissed in April 2023.

20.    On May 8, 2023, Defendant was made aware of another drop-fire incident that occurred in Arizona on April 7, 2023 involving a Taurus GX4 Serial #1GA67361. The Taurus

GX4 pistol fell from waist height and struck a tile floor in a convenience store. The pistol was in a holster during the entire event. When it struck the floor, it fired a round without the trigger being pulled and the round struck the user in the neck, causing her death. The entire event was captured on a video system in the convenience store. The case settled on confidential terms and case was subsequently voluntarily dismissed in April 2023.

21.    Also on May 8, 2023, Defendant was made aware of a Drop-Fire incident involving a Taurus GX4, 9mm pistol, Serial #1GA49883, in the State of Florida. The pistol discharged unintentionally due to a Defect after falling and striking the ground, severely injuring its owner without the trigger being pulled. A lawsuit was filed in Florida state court and has been removed to the U.S. District Court for the Southern District of Florida.

22.    On November 2, 2023, Defendant was made aware of a Drop-Fire incident involving a Taurus GX4, 9mm pistol, Serial #1GA70792, in the State of Tennessee. The pistol discharged unintentionally when it fell from the owner's arms in his driveway and struck the ground, severely injuring the owner of the pistol without the trigger being pulled. A lawsuit filed on his behalf is still pending in the U.S. District Court for the Middle District of Georgia in December of 2023 against the Defendant.

23.    Also on November 2, 2023, Defendant was made aware of a Drop-Fire incident involving a Taurus GX4, 9mm pistol, Serial #1GA83766, in the State of Texas. The pistol allegedly fell from the waist level of the owner in a tile bathroom. The pistol struck the tile floor and allegedly fired a round without the trigger being pulled. The owner of the pistol was shot because the pistol fired without the trigger being pulled. A lawsuit filed on his behalf is still pending in the U.S. District Court for the Middle District of Georgia in June of 2024 against the Defendant.

24.     On October 29, 2024, Defendant was made aware of a Drop-Fire incident involving a Taurus GX4, 9mm pistol, Serial #1GA81175, which fell from an ottoman and discharged upon impact, striking its owner in the femoral artery. The owner suffered catastrophic injuries including severe blood loss and even brain damage. The case is still pending in the U.S. District Court for the District of Arizona.

25.     Despite its knowledge of the Defect, Defendant has failed, in any of its marketing or advertising materials, to acknowledge the Defect, leaving consumers, including Plaintiff, without knowledge of a deadly and unreasonably dangerous Defect in the GX4. As a result of its omission, Defendant was able to market the GX4 as safe firearms despite its knowledge to the contrary.

26.     Simply stated, the GX4 models are defective and inherently dangerous, and Taurus has been aware of the problem for years; nevertheless, Taurus has allowed the GX4 to remain in the hands of unsuspecting gun owners despite the imminent risk of harm to GX4 owners and the public.

<u>**COUNT ONE**</u>
**Negligence and Puntiive Damages Under Art. 1536 and Art. 1538 of the Puerto Rico Civil Code, P.R. Laws Ann.Tit.31, Sections 10801 and 10803**

27.     Plaintiff incorporates paragraphs 1 through 26 as though fully set forth herein.

28.     Article 1536 of the Puerto Rico Civil Code of 2020 establishes that whoever by act or omission causes harm to another, through fault or negligence, will be obligated to   repair   the damage caused.

29.     Article 1538 of the Puerto Rico Civil Code of 2020 establishes in pertinent part, that when the act or omission constitutes a felony, is committed willfully or with serious disregard

towards the life, safety and property of others, the adjudicator may impose an additional indemnity not exceeding the amount of damages caused.

30.     Negligence is the failure to use reasonable care, which is the care that a reasonably careful designer, engineer, manufacturer, marketer, seller, importer, distributor and/or supplier of firearms would use under like circumstances, in order to prevent reasonably foreseeable risks.

31.     Defendant had a duty to design, engineer, manufacture, market, sell, import, distribute, supply, test and/or inspect its firearm products in a manner that a reasonably careful designer, engineer, manufacturer, marketer, seller, importer, distributor and/or supplier do under like circumstances, in order to prevent reasonably foreseeable risks.

32.     The Defendant failed to use the reasonable care that a reasonably careful designer, engineer, manufacturer, marketer, seller, importer, distributor and/or supplier would have used under like circumstances.

33.     The Defendant negligently breached its duties of care to Plaintiff in one or more of the following ways:

   a.  failing to use and apply good, safe, usual, prevailing, and reasonable principles and standards in designing, engineering, manufacturing, marketing, selling, importing, distributing, supplying, testing and/or inspecting the Subject Pistol;

   b.  failing to take adequate corrective action or preventive action related to the Defect;

   c.  failing to maintain proper records and data of incidents, complaints, malfunctions, inspections and testing;

   d.  failing to create and provide clear operational and safety instructions, manuals, warnings and literature;

   e.  failing to warn Plaintiff and the public of the Defect;

   f.  failing to warn Plaintiff and the public that the Defendant did not inspect or test the pistols before the pistols were distributed;

   g.  failing to warn of all the above; and

h.  other acts of negligence to be determined through discovery.

34.  The Defendant's conduct as described in this Complaint was inconsistent with what a reasonably careful designer, engineer, manufacturer, marketer, seller, importer, distributor and/or supplier of firearms would have done under like circumstances, or the Defendant failed to do what a reasonably careful designer, engineer, manufacturer, marketer, seller, importer, distributor and/or supplier would do under like circumstances.

35.  The Defendant's negligence was the proximate cause of Plaintiff's injuries. The Defendant is liable for the injuries, damages, and losses that resulted from its negligence.

36.  The Defendant's negligence was outrageous, oppressive, and intolerable.

37.  The Defendant knew or intentionally disregarded that its negligence created a reasonably foreseeable and substantial risk of significant harm to others.

38.  Plaintiff is entitled to compensatory damages or restitution derived by Defendant from its willful and/or negligent acts or omissions pursuant to Article 1536 of the Puerto Rico Civil Code, P.R. Laws Ann. Tit. 31 Section 10801.

39.  Plaintiff is also entitled to punitive damages, pursuant to Article 1538 of the Puerto Rico Civil Code, P.R. Laws Ann. Tit. 31 Section 10803, because Defendant has acted with malice, and/or wanton disregard for the life and safety of others and with the intent to defraud.

WHEREFORE, Plaintiff demand judgment against the Defendant for all damages, including punitive damages, plus costs, and demand trial by jury of all issues so triable.

## COUNT TWO
### Breach of Express Warranty

40.  Plaintiff incorporates paragraphs 1 through 26 as though fully set forth herein.

8

41.    A product is defective if it does not conform to representations of fact made by Defendant, orally or in writing, in connection with the transaction on which Plaintiff relied in the use of the product.

42.    Taurus made a specific representation of fact in writing in its Taurus® Limited Lifetime Warranty, that the "firearm was made free of defects in material, function, and workmanship." This is provided with each pistol and is also published on the USA public website of Taurus.  This representation is an express warranty made to Plaintiff.

43.    Taurus breached this express warranty by not providing a product which conformed to this representation of fact.

44.    Taurus was on notice of the breach of this express warranty at the time it placed Plaintiff's Pistol into the stream of commerce.  Taurus knew, or should have known, about the Defect at the time it placed Plaintiff's Pistol into the stream of commerce.

45.    As a direct and proximate result of Defendant's breach of express warranty, Plaintiff was severely injured.

46.    WHEREFORE, Plaintiff demands judgment against Defendant for all damages, including punitive damages, plus costs, such interest and attorney's fees as may be allowed by law and demands trial by jury of all issues so triable.

**COUNT THREE**
**Breach of Implied Warranty of Merchantability**

47.    Plaintiff incorporates paragraphs 1 through 26 as though fully set forth herein.

48.    A product is defective if it is not reasonably fit for either the uses intended or the uses reasonably foreseeable by Defendant.

49.    Plaintiff's Pistol was not reasonably fit for either the uses intended or the uses reasonably foreseeable by Taurus due to the Defect.

50.    Defendant was on notice of the breach of implied warranties at the time it placed Plaintiff's Pistol into the stream of commerce.  Taurus knew, or should have known about the Defect at the time it placed Plaintiff's Pistol into the stream of commerce.

51.    As a result of the Defendant's breach of implied warranties of merchantability, Plaintiff was severely injured.

52.    WHEREFORE, Plaintiff demands judgment against Defendant for all damages, including punitive damages, plus costs, such interest and attorney's fees as may be allowed by law and demands trial by jury of all issues so triable.

## COUNT FOUR
### Breach of Implied Warranty of Fitness for a Particular Purpose

53.    Plaintiff incorporates paragraphs 1 through 26 as though fully set forth herein.

54.    A product is defective if it is not reasonably fit for the specific purpose for which Defendant knowingly sold the product and for which, in reliance on the judgment of Defendant, the purchaser bought the product.

55.    Plaintiff's Pistol is defective and was not reasonably fit for the specific purpose for which Taurus knowingly sold the Pistol and for which, in reliance on the judgment of Taurus, Plaintiff bought, owned and used the Pistol.

56.    Defendant was on notice of the breach of implied warranties at the time Plaintiff's Pistol was sold by Taurus.  Taurus knew, or should have known about the Defect at the time Plaintiff's Pistol was sold by Taurus.

57.    As a result of the Defendant's breach of implied warranties of fitness for a particular purpose, Plaintiff was severely injured.

10

58.     WHEREFORE, Plaintiff demands judgment against Defendant for all damages, including punitive damages, plus costs, such interest and attorney's fees as may be allowed by law and demands trial by jury of all issues so triable.

## COUNT FIVE
### Strict Liability – Manufacturing Defect

59.     Plaintiff incorporates paragraphs 1 through 18 as though fully set forth herein.

60.     Any marketer, seller, importer, distributor and/or supplier in the chain of distribution is liable for injury caused by a defective product. The Defendant was the manufacturer in the chain of distribution of the Subject Pistol and is, therefore, liable for Plaintiff's injuries.

61.     A product is defective and unreasonably dangerous because of a manufacturing defect if it contains a condition which the manufacturer did not intend and, as a result, it fails to perform as safely as an ordinary consumer would expect when the product is used in a reasonably foreseeable manner.

62.     A product is defective if unreasonably dangerous even if the Defendant has exercised all possible care in the preparation and sale of the product.

63.     Sellers of a product that by its design or manufacture is unreasonably dangerous are responsible for the damages. 31 L.P.R.A. § 10807.

64.     The Subject Pistol is defective because of the manufacturing defect as it was different from its intended design and failed to perform as safely as the intended design would have performed. The Subject Pistol was expected to and did reach Plaintiff without substantial change affecting that condition.

65.     The manufacturing defect was the proximate cause of Plaintiff's injuries.

66.     The Defendant is strictly liable for the injuries, damages, and losses that resulted from the manufacturing defect of the Subject Pistol.

11

67.     Moreover, as discussed *supra*, Taurus knew of the defect before Plaintiff purchased the Pistol, but still deliberately chose to keep the pistols on the market, showing a wanton disregard for the safety of consumers, including Plaintiff.

WHEREFORE, Plaintiff demands judgment against the Defendant for all damages, including punitive damages, plus costs, and demands trial by jury of all issues so triable.

## COUNT SIX
### Strict Liability – Design Defect

68.     Plaintiff incorporates paragraphs 1 through 18 as though fully set forth herein.

69.     Any marketer, seller, importer, distributor and/or supplier in the chain of distribution is liable for injury caused by a defective product. The Defendant was the designers in the chain of distribution of the Subject Pistol and are, therefore, liable for Plaintiff's injuries, caused by the defective pistol.

70.     A product is defective and unreasonably dangerous because of a design defect if the harmful characteristics or consequences of its design outweigh the benefits of the design.

71.     A product is also defective and unreasonably dangerous because of a design defect if it fails to perform as safely as an ordinary consumer would expect when the product is used in a reasonably foreseeable manner.

72.     A product is defective if unreasonably dangerous even if the Defendant has exercised all possible care in the preparation and sale of the product.

73.     Sellers of a product that by its design or manufacture is unreasonably dangerous are responsible for the damages. 31 L.P.R.A. § 10807.

74.     The Subject Pistol is defective because of the design defect and was in a condition unreasonably dangerous to Plaintiff. The Subject Pistol was expected to and did reach her without substantial change affecting that condition.

12

75.    The design defect was the proximate cause of Plaintiff's injuries.

76.    The Defendant is, therefore, strictly liable for the injuries, damages, and losses that resulted from the design defect of The Subject Pistol.

77.    Moreover, as discussed *supra*, Taurus knew of the defect before Plaintiff purchased the Pistol, but still deliberately chose to keep the pistols on the market, showing a wanton disregard for the safety of consumers, including Plaintiff.

WHEREFORE, Plaintiff demands judgment against the Defendant for all damages, including punitive damages, plus costs, and demands trial by jury of all issues so triable.

## COUNT SEVEN
### Strict Liability Failure To Warn

78.    Plaintiff incorporates paragraphs 1 through 26 as though fully set forth herein.

79.    A product is defective and unreasonably dangerous if it would be unreasonably dangerous for use in a reasonably foreseeable manner without adequate warning.

80.    A product is defective and unreasonably dangerous if a manufacturer or seller who knows or should know, in light of the generally recognized and prevailing knowledge available at the time of the product's distribution, that a foreseeable use of the product may be unreasonably dangerous does not provide adequate warning of the danger.

81.    As discussed *supra*, Taurus was on notice regarding the Defect at least 7 months before Plaintiff purchased her pistol. Taurus knew, or should have known about the Defect at the time Plaintiff purchased her pistol.

82.    A product is defective if unreasonably dangerous even if the Defendant has exercised all possible care in the preparation and sale of the product.

83.    The foreseeable risks of harm from a drop-fire could has been reduced or avoided if the Defendant had provided reasonable instructions or warnings, and the Defendant's failure to provide these instructions or warnings render Plaintiff's pistol defective.

84.    The Defendant had the opportunity to warn Plaintiff about the Defect upon her original purchase. It failed to do so.

85.    The failure to warn was the proximate cause of Plaintiff's injuries.

86.    The Defendant is strictly liable for the injuries, damages, and losses that resulted from its failure to warn Plaintiff about the Defect.

WHEREFORE, Plaintiff demands judgment against the Defendant for all damages, including punitive damages, plus costs, and demands trial by jury of all issues so triable.

## COUNT EIGHT
### Negligent Misrepresentation

87.    Plaintiff incorporates paragraphs 1 through 26 as though fully set forth herein.

88.    When Plaintiff received the subject pistol along with its instruction manual and warranty on December 16, 2022, Defendant's misrepresentation of fact to was transmitted to Plaintiff through said manual which stated that the "firearm was made free from defects in material, function, and workmanship."

89.    This statement by the Defendant concerned material facts which was in fact false. As discussed *supra*, Taurus was on notice regarding the Defect at least 7 months before Plaintiff purchased her pistol. Taurus knew, or should have known that the pistol was not, in fact, "made free from defects in material, function, and workmanship" at the time Plaintiff purchased her pistol.

90.    The Defendant was negligent in making the statement because it should have known the statement was false and in making the statement, it intended or expected that another would rely on the statement.

14

91. Defendant intended or knew that its customers, including Plaintiff, would rely on the incorrect information.

92. Defendant failed to exercise reasonable care in obtaining correct information and communicating that correct information to its customers, including Plaintiff.

93. Plaintiff reasonably and justifiably relied on the false statement by purchasing, retaining, carrying and using the subject pistol. Thus, this statement was the proximate cause of her injuries.

94. The Defendant's negligent misrepresentation was the proximate cause of Plaintiff's injuries.

95. The Defendant is liable for the injuries, damages and losses that resulted from its negligent misrepresentation.

WHEREFORE, Plaintiff demands judgment against the Defendant for all damages, including punitive damages, plus costs, and demands trial by jury of all issues so triable.

## COUNT NINE
### Fraudulent Misrepresentation

96. Plaintiff incorporates paragraphs 1 through 26 as though fully set forth herein.

97. When Plaintiff received the subject pistol along with its instruction manual and warranty on December 16, 2022, Defendant's misrepresentation of fact was transmitted to Plaintiff through said manual which stated that the "firearm was made free from defects in material, function, and workmanship."

98. This statement by the Defendant concerned material facts which was in fact false. As discussed *supra*, Taurus was on notice regarding the Defect at least 7 months before Plaintiff purchased her pistol. Taurus knew, or should have known that the pistol was not, in fact, "made free from defects in material, function, and workmanship" at the time Plaintiff purchased her pistol.

15

99. The Defendant made the misrepresentation intentionally or with reckless disregard for its truth because Defendant knew for at least 7 months that its statement was false yet failed to take steps to correct its misrepresentation regarding the subject pistol.

100. Defendant failed to obtain correct information and communicate that correct information to its customers, including Plaintiff, despite Defendant's knowledge of its false statement.

101. Defendant intended that its customers, including Plaintiff, would rely on the incorrect information thereby inducing sales of Defendant's GX4 pistols, with reckless disregard for the substantial risk of harm to Defendant's customers, including Plaintiff.

102. Plaintiff reasonably and justifiably relied on the false statement by purchasing, retaining, carrying and using the subject pistol. Thus, this statement was the proximate cause of Plaintiff's injuries.

103. The Defendant's fraudulent misrepresentation was the proximate cause of Plaintiff's injuries.

104. The Defendant is liable for the injuries, damages and losses that resulted from its fraudulent misrepresentation.

WHEREFORE, Plaintiff demands judgment against the Defendant for all damages, including punitive damages, plus costs, and demands trial by jury of all issues so triable.

## COUNT TEN
### Attorney's Fees, Costs, Expenses, and Legal Interest

105. The plaintiff reproduces and reaffirms, as if alleged herein, each and every one of the preceding allegations.

106. Plaintiff is entitled to Attorney fees, expenses, and legal interest.

107. Pursuant to the laws of the Commonwealth of Puerto Rico, a person who is obstinate in fomenting litigation and/or protracting litigation, or refusing to recognize an obligation, is liable for reasonable attorney's fees.

108. Pursuant to the laws of the Commonwealth of Puerto Rico, a person who is adjudged obstinate is also liable for pre-judgment interest from the date of the filing of the claim.

109. Defendant has been obstinate in that, although they have been on notice of the nature and extent of the damage suffered by the Plaintiff, they have taken no action on the matter and have, in fact, fomented this litigation.

## DEMAND FOR JURY TRIAL

110. Plaintiff hereby demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that after a trial by jury, that this Court enter judgment in favor of Plaintiff, with a verdict that:

a. finds Defendant liable for defective design and manufacturing of Plaintiff's Pistol;

b. awards Plaintiff compensatory damages, including but not limited to damages for her physical injuries and lost income, in an amount to be revealed through discovery and determined at trial;

c. awards Plaintiff punitive damages in an amount allowed by law;

d. awards Plaintiff reasonable attorneys' fees, costs & expenses, as well as the applicable legal interest; and

e. award such other relief as the Court deems appropriate.

## RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 5th day of November 2025.

17

/s/David C. Indiano
DAVID C. INDIANO
USDC PR Bar No. 200601

INDIANO & WILLIAMS, P.S.C.
207 Del Parque Street, 7th  Floor
San Juan, Puerto Rico 00912
T:        (787) 641-4545
F:        (787) 641-4544
E:        david.indiano@indianowilliams.com

Thomas F. Friedberg (*pro hac vice* forthcoming)
FRIEDBERG & BUNGE
1005 Rosecrans Street, Suite 202
San Diego, California 92166
T:        (619) 557-0101
F:        (619) 557-0560
E:        tom@lawofficefb.com

David L. Selby, II (*pro hac vice* forthcoming)
BAILEY & GLASSER, LLP
3000 Riverchase Galleria, Suite 905
Birmingham, Alabama 35244
T:        (205) 988-9253
F:        (205) 733-4896
E:        dselby@baileyglasser.com

*Counsel for Plaintiff*