IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

ALEIDA ESCALERA FREYTES,

Plaintiff,

v.

TAURUS INTERNATIONAL
MANUFACTURING, INC.,

Defendant.

CIV. NO.: 25-1594 (SCC)

**OPINION AND ORDER**

Pending before the Court is a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") filed by Taurus International Manufacturing, Inc. ("Defendant TIMI"). Docket No. 16. Plaintiff Aleida Escalera Freytes ("Plaintiff Escalera") opposed the same, *see* Docket No. 18, Defendant TIMI replied, *see* Docket No. 28 and Plaintiff Escalera sur-replied, *see* Docket No. 32.

For the reasons set forth below, the Motion to Dismiss is **GRANTED in part and DENIED in part**.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On December 16, 2022, Plaintiff Escalera purchased from Defendant TIMI a semiautomatic Taurus GX4 pistol. *See* Docket No. 10, ¶ 5. She claims that, on November 24, 2024, her Taurus GX4 pistol fell from her police belt and unintentionally discharged as it struck the ground. *Id.* at ¶ 7. The discharged round reportedly penetrated her right arm, "exiting above the elbow, fracturing her bone, requiring an open reduction and

internal fixation with intramedullary rodding." *Id.* at ¶ 8. Plaintiff Escalera also contends that the incident "left [her] with other permanent physical and psychological limitations ..." and that she was forced to miss four months of work. *Id.* At the time of the incident, she was an officer for the Guaynabo Municipal Police. *Id.*

Due to this incident, Plaintiff Escalera filed suit against Defendant TIMI. *See* Docket No. 10. In the Amended Complaint, Plaintiff Escalera advances negligence, breach of express and implied warranty, strict product liability, and negligent and fraudulent misrepresentation claims under the Puerto Rico Civil Code. *Id.* Instead of answering the Amended Complaint, Defendant TIMI moved to have it dismissed. Docket No. 16. Having gone over the background of this case, the Court turns to the pending Motion to Dismiss.

## II. STANDARD OF REVIEW

When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must determine if the plaintiff's complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To make such a determination, the Court embarks on a two-step analysis. *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). This analysis is context-specific and relies

on the Court's "judicial experience and common sense." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

First, while the Court is called to accept a plaintiff's well-pleaded allegations as true, that mandate is not limitless. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" do not constitute well-pleaded allegations under the Rule 12(b)(6) framework. *Iqbal,* 556 U.S. at 678. Therefore, the Court must identify and disregard conclusory factual allegations because it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (internal citations and quotations omitted). Second, the Court examines whether the factual allegations—devoid of legal conclusions—allow "the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* That is, in order to survive a Rule 12(b)(6) motion, a plaintiff must have set forth allegations that "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### III. ANALYSIS

In its Motion to Dismiss, Defendant TIMI contends that Plaintiff Escalera's claims, as pled in her Amended Complaint, fail to meet Rule 12(b)(6)'s plausibility standard. Therefore, the Court proceeds to examine each claim under that standard.

### A. Count 1: Negligence Under Article 1536 of the Puerto Rico Civil Code

First, the Court considers Plaintiff Escalera's negligence claim, identified in the Amended Complaint as Count 1. Plaintiff Escalera avers that the Taurus GX4 contains a defect in its trigger mechanism, "whereby the trigger moves rearward when the pistol is subjected to an impact or drop." *See* Docket No. 10, ¶ 9. According to Plaintiff Escalera, this defect makes the Taurus GX4 dangerous because it does not prevent the unintended discharge of the pistol. *Id.* at ¶ 11. Furthermore, she contends that Defendant TIMI had prior notice of this defect, based on prior claims that were filed by other purchasers regarding similar incidents. *Id.* at ¶¶ 19-26.[1] Defendant TIMI

---

[1] To support the claim that Defendant TIMI was previously warned of a defect in the Taurus GX4 pistol, Plaintiff Escalera enumerated seven different cases that other consumers filed against Defendant TIMI regarding accidents similar to the one alleged in the case at bar. *See* Docket No. 10, ¶¶ 19-26. In its Motion to Dismiss, Defendant TIMI argues that Plaintiff Escalera's reliance on those cases is misplaced. *See* Docket No. 16, pg. 16. Specifically, Defendant TIMI sustains that six out of the seven cases referenced by Plaintiff Escalera concern incidents that happened after she purchased her Taurus GX4 pistol. Defendant TIMI avers that those incidents are irrelevant to determine whether it knew of similar incidents that happened before Plaintiff Escalera purchased her Taurus GX4 pistol. *Id.* For purposes of analyzing the allegations in the Amended Complaint pursuant to Rule 12(b)(6), the Court only considered the sole case that was filed prior to Plaintiff Escalera's purchase of her Taurus GX4 pistol, that is, the one filed on April 12, 2022. *see* Docket No. 10, ¶ 19.

was therefore negligent, according to Plaintiff Escalera, in failing to take reasonable care and in addressing this defect.

Article 1536 of the Puerto Rico Civil Code states that "any person who, through fault or negligence, causes damage to another, is obliged to repair it." *Rivera v. Costco Wholesale Corp.*, Civ. No. 23-1321, 2026 WL 1180480, at *10 (D.P.R. January 29, 2026) (citing Article 1536, 31 PR Laws Ann. tit. 31, § 10801). To establish a negligence claim under Article 1536, Plaintiff Escalera was tasked with pleading the following: "(1) evidence of a physical or emotional injury, (2) a negligent or intentional act or omission (the breach of duty element), and (3) a sufficient causal nexus between the injury and defendant's act or omission (in other words, proximate cause)." *González-Cabán v. JR Seafood Inc.*, 48 F.4th 10, 14 (1st Cir. 2022). Simply put, Plaintiff Escalera needed to allege: (1) that Defendant TIMI was negligent, insofar it failed to exercise the due diligence necessary to avoid foreseeable risks, (2) that she suffered damages and (3) that said damages were caused by Defendant TIMI's negligence. A review of the Amended Complaint confirms she did.

In the Amended Complaint, Plaintiff Escalera alleged that Defendant TIMI failed to exercise the reasonable care and diligence that would have allowed it to identify and remedy the

defect in the Taurus GX4. *See* Docket No. 10, ¶¶ 16, 31-34. Furthermore, Plaintiff Escalera alleged that it was this negligence that later caused the damages she suffered when her Taurus GX4 unintentionally discharged. *Id.* at ¶ 35. Taking these allegations as true, as the Court must at this procedural juncture, the Court holds that Plaintiff Escalera has plausibly set forth a negligence claim against Defendant TIMI. Therefore, Defendant TIMI's request to dismiss Count 1 of the Amended Complaint is denied.

### B. Counts 6, 7 and 8: Strict Product Liability

Identified as Counts 6, 7 and 8, Plaintiff Escalera's Amended Complaint includes three strict product liability claims. Article 1542 of the Puerto Rico Civil Code establishes a blanket rule of strict liability. Specifically, that article states that "[p]ersons who sell in the course of commerce a product that by its design or manufacture is unreasonably dangerous are liable for the damages caused by such product even if they do not incur in fault or negligence." *See* Docket No. 16-8.

In Count 6, Plaintiff Escalera contends that Defendant TIMI is liable for the manufacturing defect that reportedly caused her Taurus GX4 to unintentionally discharge. *See* Docket No. 10, ¶¶ 11, 66. According to Article 1543 of the Puerto Rico Civil Code, "[a] product is unreasonably dangerous due to

its manufacture when it deviates from its design or when it does not meet the safety expectations of the ordinary consumer who uses such product for the purpose for which it is intended or for a purpose that is reasonably foreseeable." *See* Docket No. 16-9.

Plaintiff Escalera's allegations do not satisfy the first part of the two-pronged plausibility test. *Fortuño-Burset*, 640 F.3d at 12. Plaintiff Escalera's allegations are "[t]hreadbare recitals of the elements of a cause of action" and therefore cannot be considered well pleaded allegations. *Iqbal*, 556 U.S. at 678. Plaintiff Escalera's repetition of the applicable legal standard does not set forth a plausible claim.

For example, Plaintiff Escalera raises that "[t]he Subject Pistol is defective because of the manufacturing defect as it was different from its intended design and failed to perform as safely as the intended design would have performed." *See* Docket No. 10, ¶ 66. However, Plaintiff Escalera does not describe how the defect made the Taurus GX4 deviate from the intended design. She also fails to allege how the Taurus GX4 failed to perform as the intended design would have had it. A survey of the remaining paragraphs in the Amended Complaint regarding this claim leads to the same conclusion: Plaintiff Escalera did not include allegations which would

permit the Court to reasonably infer that she holds a plausible claim against Defendant TIMI. In the absence of well pleaded allegations, the Court dismisses Count 6 of the Amended Complaint.

Count 7 of the Amended Complaint meets a similar fate. In said count, Plaintiff Escalera alleges that the design of the purchased Taurus GX4 pistol that she purchased was unreasonably dangerous. *See* Docket No. 10, ¶ 76. Article 1544 of the Puerto Rico Civil Code establishes that a product is unreasonably dangerous due to its design:

> (a) When its quality and safety do not meet the expectations of an ordinary consumer; or
> (b) when the design of the product causes the damage and those who intervene in the distribution chain do not prove that the design is reasonable considering, among other things:
>> (1) The usefulness of the product;
>> (2) the technological limitations to design it in a safer manner at a reasonable cost;
>> (3) the unreasonable risk that could be foreseen at the time of design; and
>> (4) the instructions or warnings provided for the proper use of the product. *See* Docket No. 16-10.

Plaintiff Escalera alleges that the Taurus GX4's design is defective because "the trigger moves rearward when the pistol is subjected to an impact or drop." *See* Docket No. 10, ¶ 9. However, Plaintiff Escalera fails to allege how the overall

ALEIDA ESCALERA FREYTES V. TAURUS                                    Page 9
INTERNATIONAL MANUFACTURING, INC.,

quality of the Taurus GX4 fails to meet the expectations of the ordinary consumer. She also fails to mention how the design of her Taurus GX4 lacks usefulness. *See* Article 1544(b), *supra*. To the contrary, aside from the allegations set forth in the initial paragraphs, *see* Docket No. 10, ¶¶ 7-18, Plaintiff Escalera merely restates the applicable legal standard. These blanket allegations regarding the Taurus GX4's purported defect coupled with Plaintiff Escalera's restatement of the applicable legal standard, fall short of clearing the plausibility threshold. Accordingly, Count 7 is hereby dismissed.

Lastly, in Count 8 of the Amended Complaint, Plaintiff Escalera posits that Defendant TIMI failed to adequately warn purchasers of the risks involved in the purchasing and handling of a Taurus GX4 pistol.[2] Although the Puerto Rico Civil Code does not expressly establish a cause of action for failure to warn in *Rodríguez-Méndez v. Laser Eye*, 195 D.P.R. 769, 780 (2016), the Puerto Rico Supreme Court held that "a product may be

---

[2] The Court acknowledges that Plaintiff Escalera contests Defendant TIMI's reliance on a Taurus GX4 instruction manual. *See* Docket No. 18, pgs. 8-10; Docket No. 16, pgs. 1, 7-8; Docket No. 28, pg. 6. Defendant TIMI attached the instruction manual to its Motion to Dismiss. *See* Docket No. 16-2. Indeed, in certain circumstances the Court may consider extraneous documents. *See Sierra v. Bisignano*, 158 F.4th 43, 49 (1st Cir. 2025); *Haley v. City of Boston*, 657 F. 3d 39, 46 (1st Cir. 2011). However, none of those limited circumstances are present here. Therefore, the Court need not consider the instruction manual at this procedural juncture.

defective if the manufacturer or seller omits: (1) providing instructions on the handling of the product; (2) warning about possible risks in the use of the product, whether latent or hidden; (3) alerting about harmful consequences that may arise from using the product incorrectly, or (4) providing instructions on how to avoid injuries." Docket No. 16-3, pg. 7.

Plaintiff Escalera's Amended Complaint mostly consists of recitations of the applicable legal standard. More fundamentally, the scant factual allegations included in the Amended Complaint do not allow the Court to reasonably infer that the failure to provide adequate warning was the cause of the damages claimed in the case at bar.

In her Amended Complaint, Plaintiff Escalera alleges that "[t]he foreseeable risks of harm from a drop-fire could ha[ve] been reduced or avoided if the Defendant had provided reasonable instructions or warnings …" and that Defendant TIMI's "failure to warn was the proximate cause of Plaintiff's injuries." *See* Docket No. 10, ¶¶ 85, 87. However, those allegations are inconsistent with the principal legal theory advanced in the Amended Complaint, that is, that the reported misfire occurred due to an accidental drop of the Taurus GX4 pistol. *See* Docket No. 10, ¶ 7. Therefore, the conclusion that the harm that Plaintiff Escalera suffered was caused by Defendant

TIMI's failure to warn is implausible on its face. Merely stating that a proper warning could have avoided the incident, without more, does not allow the Court to reasonably infer that the alleged accident which led to the misfire would have been prevented. Therefore, said allegations "do not permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at page 679. The Court therefore dismisses Count 8.

**C. Counts 9 and 10: Negligent and Fraudulent Misrepresentation**

In Count 9 of the Amended Complaint Plaintiff Escalera alleges, that Defendant TIMI was negligent in representing to her that the "firearm was made free from defects in material, function, and workmanship." *See* Docket No. 10, ¶ 90. She reasons that Defendant TIMI made this representation when it should have known it to be false, and that said misrepresentation was the proximate cause of the injuries suffered. *Id.* at ¶ 91. The false statements were the proximate cause of the injuries suffered because Plaintiff Escalera alleges to have relied on them when she purchased the Taurus GX4 pistol. *Id.* at ¶ 95.

Plaintiff Escalera's allegations regarding negligent misrepresentation fail to meet the Rule 12(b)(6) plausibility standard, because they do not plausibly spell out how

Defendant TIMI's negligent misrepresentation was the proximate cause of the injuries she suffered. In the Amended Complaint, Plaintiff Escalera alleges that she "reasonably and justifiably relied on the false statement by purchasing, retaining, carrying and using the subject pistol. Thus, this statement was the proximate cause of her injuries." *See* Docket No. 10, ¶ 95. However, reaching said conclusion is not supported by the factual allegations incorporated into said count. *Id.* at ¶ 89.

The central legal theory of the Amended Complaint is that the Taurus GX4 pistol fell from Plaintiff Escalera's belt and discharged when it impacted the ground, causing the injuries. The allegation that Plaintiff Escalera relied on Defendant TIMI's statement to the effects that the "firearm was made free from defects in material, function, and workmanship" when she made her purchase, does not by itself allow the Court to reasonably infer that alleged misrepresentation was the proximate cause of the damages pursued in this case. Therefore, the Court dismisses Count 9.

In Count 10 of the Amended Complaint, Plaintiff Escalera alleges that Defendant TIMI incurred in fraud in making the misrepresentation regarding the Taurus GX4, and that the "fraudulent misrepresentation was the proximate

cause of the Plaintiff's injuries." *See* Docket No. 10, ¶ 105. Because in her Amended Complaint Plaintiff Escalera alleges fraudulent misrepresentation, the Court must evaluate that claim under Federal Rule of Civil Procedure 9(b)'s ("Rule 9(b)") heightened pleading standard. *See* Fed. R. Civ. P. 9(b). "Rule 9(b)'s heightened pleading standard applies to state law fraud claims asserted in federal court." *N. Am. Cath. Educ. Programming Found., Inc. v. Cardinale*, 567 F.3d 8, 13 (1st Cir. 2009). Said heightened pleading standard is not limited to claims of fraud, "but also to related claims as long as the central allegations of those claims 'effectively charge fraud.'" *Foisie v. Worcester Polytechnic Inst.*, 967 F. 3d 27, 49 (1st Cir. 2020).

Rule 9(b) states, in part, that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To that end, a plaintiff's complaint must set forth specific facts "that make it reasonable to believe that defendant knew that a statement was materially false or misleading." *Cardinale*, 567 F.3d at 13 (quoting *Greenstone v. Cambex Corp.*, 975 F.2d 22, 25 (1st Cir. 1992)). "The circumstances to be stated with particularity under Rule 9(b) generally consist of 'the who, what, where, and when of the allegedly [misleading] representation.'" *Kaufman v. CVS Caremark Corp.*, 836 F.3d 88, 91 (1st Cir. 2016) (quoting *Alt. Sys.*

*Concepts, Inc. v. Synopsys, Inc.*, 374 F.3d 23, 29 (1st Cir. 2004)). Despite this requirement, "Rule 9(b) does not demand a blow-by-blow account; as long as a plaintiff has adequately pleaded the who, what, where, and when of the alleged fraudulent conduct, the rule does not obligate her to allege every conceivable detail incident to the fraud." *Foisie*, 967 F.3d at 50. Plaintiff Escalera's allegations in Count 10 fail to meet this standard.

Plaintiff Escalera signals that Defendant TIMI "made the misrepresentation intentionally or with reckless disregard for its truth because Defendant knew for at least 7 months that its statement was false…." *See* Docket No. 10, ¶ 101. Plaintiff Escalera reasons that, because she relied on the false information when she purchased the firearm, said false representation was the proximate cause of her injuries. *Id.* at ¶ 104. This does not suffice. A general allegation of a fraudulent misrepresentation does not meet the requirement of detailing the "who, what, where and when." A "general averment of the defendant's 'knowledge' of material falsity" without "set[ting] forth specific facts that make it reasonable to believe that defendant knew that a statement was materially false or misleading" is inadequate. *Cardinale*, 567 F.3d at 13. Plaintiff Escalera did not set forth specific facts regarding the alleged

fraud; the Court dismisses Count 10.

### D. Remaining Counts

Left for the Court's consideration are Counts 2, 3, 4, and 5. With respect to Counts 3, 4 and 5, Plaintiff Escalera waived them in her Opposition to the Motion to Dismiss. *See* Docket No. 18, pg. 2, n. 1. Therefore, those counts are dismissed with prejudice.

In Count 2, Plaintiff Escalera moves for punitive damages. It is well settled law that punitive damages are not a separate cause of action; rather, they are a remedy available for some tortious or otherwise lawful act. *See Havlik v. Johnson & Wales Univ.*, 509 F.3d 25, 34 (1st Cir. 2007); *S. Port Marine, LLC v. Gulf Oil Ltd. P'ship.*, 234 F.3d 58, 64 (1st Cir. 2000). Therefore, it is improper to decide at this juncture what possible remedies Plaintiff Escalera may have a right to. Accordingly, at this time, the Court need not make a determination as to the merits of what has been identified as Count 2.

Lastly, in both her Opposition, *see* Docket No. 18, pg. 23, and her Surreply, *see* Docket No. 32, pgs. 3, 5-6, Plaintiff Escalera moved the Court for leave to amend her Amended Complaint to address any deficiencies. The Court has discretion to deny a request for leave to amend "when leave is requested informally in a brief filed in opposition to a motion to dismiss."

ALEIDA ESCALERA FREYTES V. TAURUS
INTERNATIONAL MANUFACTURING, INC.,

Page 16

*Stand with U.S. Center for Legal Justic v. M.I.T.*, 158 F.4th 1, 27 (1st Cir. 2025). *See also* 6 WRIGHT & MILLER'S FEDERAL PRACTICE AND PROCEDURE §1485 (3d ed. 2026) ("If a plaintiff makes only an informal and nonspecific request to amend its complaint in the context of its response to a motion to dismiss, it is not an abuse of discretion for the district court to ignore the request in the absence of an actual motion to amend"). Due to the informal and nonspecific nature of Plaintiff Escalera's request for leave to amend, the Court hereby denies that request.

## IV. CONCLUSION

In light of the above, Defendant TIMI's Motion to Dismiss is **GRANTED** as to Counts 3, 4, 5, 6, 7, 8, 9 and 10, and **DENIED** as to Count 1. Defendant TIMI shall answer the Amended Complaint or otherwise plead on or before **August 18, 2026**.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 4th day of August 2026.

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE